IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT LEE JOHNSON, JR. | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-80 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

On February 24, 2012, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits. The matter was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of pending motions pursuant to 28 U.S.C. § 636(b)(1).

*Background*

On August 27, 2013, the Court issued a Report and Recommendation that this Social Security action be reversed and remanded. No objection was filed. On September 16, 2013, the District Court issued an Order Adopting the Report and Recommendation and entering Final Judgment, thereby reversing and remanding pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act.

Plaintiff now appears before the Court with his Motion for Award of Attorney Fees and Expenses (docket entry #21), under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Based on the supporting exhibits and the Court's sentence four remand, Plaintiff asserts that he is the prevailing party for purposes of the EAJA and seeks a total of $4,629.00 for 25.2 total hours of attorney work in 2012 and 2013. He also seeks a total of $25.50 for 0.3 hours of paralegal work at $85.00 per hour. Finally, he seeks a total of $11.90 in expenses. The aggregate total claimed is $4,666.40 in fees and expenses. On November 1, 2013, the Commissioner filed a response (docket entry #22) stating that she is unopposed to the request for attorney's fees and costs.

## *Discussion*

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers" *Baker v. Bowen,* 839 F.2d 1075, 1083 (5th Cir.), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean,* 496 U.S. 154, 158 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be

2

based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). The Commissioner has the burden of proving that the position of the United States in this matter was "substantially justified" and has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not shown special circumstances that would render an award unjust. Plaintiff filed his motion with an itemized account. It is undisputed that Plaintiff actually incurred these fees by virtue of his agreement with his attorney. *See* Pltf Brf at Exhibit of "Hours and Expenses"; *Murkeldove*, 635 F.3d at 791.

The hourly attorney fee sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that the requested increase in the hourly fee is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. The Commissioner does not oppose Plaintiff's request for an hourly fee of $181.93 for 1.0 hours of work in February 2012; $182.64 for 4.5 hours of work in July 2012; $183.66 for 17.5 hours of work in August 2012; and $186.88 for 2.2 hours of work in October 2013, totaling $4,629.00. She also does not oppose the claims for paralegal fees ($25.50) and expenses ($11.90). Comm'r Response at 1-2.

Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2524, 2526, 177 L. Ed. 2d 91 (2010); *see also Murkeldove*, 635 F.3d at 788 n.2. In part, that is so to make fee payments subject to a Government offset to satisfy any pre-existing debt that the litigant may owe the United States. *Ratliff*, 130 S. Ct. at 2524. Therefore, Plaintiff, not his attorney, should be paid the aggregate sum of $4,666.40 in connection with this case. Plaintiff's payment of fees owed his attorney is a matter of the retainer agreement between them.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Award Attorney Fees and Expenses (docket entry #21) under the Equal Access to Justice Act is **GRANTED**. The Commissioner is hereby **ORDERED** to pay Plaintiff for fees incurred totaling $4,666.40 pursuant to the EAJA, 28 U.S.C. § 2412(d).

**SIGNED this 14th day of November, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE